IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD GHOLSTON, #112799, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:24-cv-66-RAH |
| WILLIAM STREETER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Ronald Gholston, a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging the revocation of his parole in May of 2020 by the Alabama Board of Pardons and Paroles ("the Parole Board"). (Doc. 1.) Thereafter, Respondent filed an Answer (doc. 17), which contends that Gholston's claims are time-barred by the applicable one-year statute of limitations as well as meritless. The court then gave Gholston an opportunity to file a reply (*see* doc. 19), but Gholston did not do so. Upon review of the Petition and Answer, and for the reasons explained below, Gholston's § 2254 Petition will be **DENIED** without an evidentiary hearing as time-barred[1] and this case will be **DISMISSED** with prejudice.

## I.    PROCEDURAL BACKGROUND

In 1975, Gholston was convicted of murder and sentenced to life imprisonment. (Doc. 1-3 at 3.) In 2002, the Parole Board granted Gholston parole,

---

[1] Although Respondent also argues that Gholston's claims lack merit, because the statute of limitations is dispositive of the Petition, the court need not address any additional deficiencies.

the terms of which included not violating any law. (Docs. 17-1 & 17-2.) On March 19, 2020, Gholston's parole officer charged Gholston with two parole violations based on Gholston's arrest for two counts of attempted murder. (Doc. 17-3 at 1–3.) On March 26, 2020, Gholston's parole officer charged him with two more parole violations based on his arrest for first-degree theft of property and driving under the influence. (*Id*. at 4–6.)

On April 6, 2020, the Parole Board served Gholston with notice of a parole hearing scheduled for April 20, 2020. (Doc. 17-4.) Gholston signed the notice, acknowledging receipt thereof. (*Id*.) At the close of that hearing, and upon consideration of all the evidence presented, the hearing officer found Gholston guilty of the attempted murder and first-degree theft allegations and recommended that his parole be revoked. (Doc. 17-5.) Subsequently, on May 7, 2020, the Parole Board revoked Gholston's parole. (Doc. 17-7.) The Parole Board served Gholston with notice of the revocation that same day. (Doc. 17-8.)

On February 24, 2022, Gholston filed a petition for a writ of certiorari in the Circuit Court of Montgomery County, raising the same arguments as in the instant § 2254 Petition. *See Gholston v. Alabama Bureau of Pardons and Paroles et al.*, No. CV-2022-000073 (doc. 1). The Parole Board filed a motion to dismiss, which the circuit court subsequently granted, determining that Gholston's petition was "frivolous and constitutes a strike for APLRA purposes." (Doc. 1-2.) Gholston then appealed the circuit court's decision to the Alabama Court of Criminal Appeals, raising the same arguments as in his prior petition and the instant § 2254 Petition. (Doc. 1-3.) On August 11, 2023, the Court of Criminal Appeals issued a Memorandum Decision finding each of Gholston's arguments to be without merit and affirming the circuit court's judgment. (*Id*.)

On September 22, 2023, the Court of Criminal Appeals denied Gholston's application for a rehearing. (Doc. 1-4.) On November 9, 2023, the Alabama Supreme Court denied Gholston's petition for writ of certiorari. (Doc. 1-5.) That same day, the Court of Criminal Appeals entered a Certificate of Judgment on its Memorandum Opinion of August 11, 2023. (Doc. 1-6.)

On January 8, 2024, Gholston filed the instant § 2254 Petition, arguing that he was denied due process because (1) he was not appointed an attorney to represent him during his revocation proceedings; (2) there was no stenographer or recording device during his revocation proceedings; (3) he was not able to confront and cross-examine adverse witnesses during his revocation proceedings; (4) the decision to revoke his parole was arbitrary and capricious; and (5) he was not given a final parole revocation hearing. (Doc. 1.) As relief, he seeks "[a]n order to set aside [his] improper parole revocation" and "immediate release from his present incarceration resulting therefrom." (*Id*. at 16.) The § 2254 Petition is now ripe for consideration.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The state judgment Gholston challenges in this case became final on May 7, 2020, the date on which his parole was revoked, and the AEDPA's one-year limitations period began to run from that time. *See Ray v. Mitchem*, 272 F. App'x 807, 809–10 (11th Cir. 2008) (explaining that "subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for cases of habeas petitioners who are in custody pursuant to a parole revocation"). Thus, absent a tolling event, Gholston had until May 7, 2021—one year later—to file a timely § 2254 petition as to that judgment.

Because Alabama does not have a direct appeal procedure through which the Parole Board's decision to revoke parole can be challenged, a prisoner must instead challenge his parole revocation by filing a petition for writ of certiorari in the state trial court. *Id*. at 809 (citing *Gholston v. Bd. of Pardons & Paroles*, 627 So.2d 945, 947 (Ala. Civ. App. 1993)). Although the limitations period will be tolled during the time in which a properly filed application for State post-conviction or other collateral review with respect to the judgment is pending, "a state court petition … that is filed

following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Id*. at 809 (citations omitted).

Gholston first filed a petition for a writ of certiorari regarding his parole revocation on February 24, 2022, more than nine months after the limitations period expired on May 7, 2021. Thus, because he filed his state court petition "following the expiration of the federal limitations period," the limitations period was not tolled by that petition. *See Ray*, 272 F. App'x at 809–10. As such, the instant § 2254 Petition—which was not filed until at least January 8, 2024 (*see* Doc. 1 at 16), nearly three years after the limitations period expired—is due to be denied as time-barred.[2]

## III.  CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED** that Gholston's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing as time-barred and this case is **DISMISSED** with prejudice.

Final Judgment will be entered separately.

---

[2] The AEDPA's limitations period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). However, "equitable tolling is an extraordinary remedy … limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). Despite the opportunity to do so in both his Petition and a reply to the Answer, Gholston has failed to provide any allegations or evidence whatsoever that he is entitled to equitable tolling.

DONE, on this the 3rd day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE